IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER CASTILLO,

    Plaintiff,

v.                                                                                         Civ. No. 14-407 MV/KK

LAS CRUCES POLICE DEPARTMENT *et al.*,

    Defendants.

## ORDER DENYING MOTION FOR DEMURRER
## AND MOTION TO EXTEND TIME TO SERVE DEFENDANTS

THIS MATTER comes before the Court on Plaintiff's Motion for Demurrer filed September 23, 2014 (Doc. 19 at 4), and Plaintiff's Motion to Extend Time to Serve Defendants and Request for Telephonic Hearing filed January 20, 2015 (Doc. 23). For the following reasons, the Court finds that Plaintiff's motions are not well taken and will be denied.

### *Background*

Plaintiff Christopher Castillo is incarcerated at the Southern New Mexico Correctional Facility. (Doc. 23 at 1.) On March 13, 2014, Plaintiff filed the instant lawsuit in the Third Judicial District Court for the State of New Mexico, alleging that Defendants the Las Cruces Police Department and Cody Austin violated his constitutional rights in the course of the arrest that led to his incarceration. (Doc. 1-2.) Defendants removed the case to federal court on May 1, 2014, and answered Plaintiff's complaint on May 5, 2014. (Docs. 1, 3.) In their notice of removal, Defendants stated that Plaintiff's complaint was "served on April 15, 2014." (*Id.* at 2.) In their answer, Defendants asserted various affirmative defenses, but omitted any challenge to the sufficiency of service of process. (Doc. 3 ¶¶ 3-7.) Nevertheless, on January 20, 2015,

Plaintiff filed a motion to extend the time in which to serve Defendants.  (Doc. 23.)  In conjunction with this motion, Plaintiff requested a telephonic hearing.  (*Id.* at 3.)

Meanwhile, on September 23, 2014 and simultaneously with a motion to appoint counsel, Plaintiff filed a "Motion for Demurr[er]."  (Doc. 19 at 4.)  In his motion for demurrer, Plaintiff stated that he intended to "challenge the sufficiency of the pleading at a later time…in support of Plaintiff's Reply to Defendants['] Response on Motion to Appoint Counsel."  (*Id.*)  The Court denied Plaintiff's motion to appoint counsel on October 23, 2014.  (Doc. 21.)

## *Analysis*

### I.  Plaintiff's Motion for Demurrer

Federal Rule of Civil Procedure 7 requires a motion to "state the relief sought," and to "state with particularity the grounds for seeking" such relief.  Fed. R. Civ. P. 7(b).  Likewise, Local Rule 7.1 requires a motion to "state with particularity the grounds and the relief sought."  D.N.M. LR-Civ. 7.1(a).  These rules allow opposing parties and the Court to "comprehend the basis of [a] motion and deal with it fairly."  *Calderon v. Kan. Dep't of Soc. & Rehab. Serv.*, 181 F.3d 1180, 1186 (10th Cir. 1999).  The Court must construe Plaintiff's pleadings liberally in light of his *pro se* status.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court must not, however, assume the role of advocate for Plaintiff, who is subject to the same rules of procedure governing all litigants who come before it.  *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).

Plaintiff's motion for demurrer fails to comply with Rule 7(b) and Local Rule 7.1(a).  According to its title, the motion seeks "demurr[er]."  (Doc. 19 at 4.)  However, demurrers have long since been abolished in the federal judicial system, rendering this particular type of relief unavailable.  *Fayeteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir.

1991).  The body of Plaintiff's motion provides little further elucidation.  Plaintiff's motion states that it is "to challenge the sufficiency of the pleading at a later time," (Doc. 19 at 4); and, indeed, challenging the sufficiency of a pleading was the function of a common-law demurrer.  Black's Law Dictionary 432-33 (6th ed. 1990).  Unfortunately, however, Plaintiff's motion fails to identify which of Defendants' pleadings he challenges as insufficient.  (*See generally* Doc. 19 at 4.)  The only pleading referenced in the motion is Plaintiff's reply in support of his motion to appoint counsel, and the Court declines to construe Plaintiff's motion as challenging the sufficiency of his own pleading.[1]  (*Id.*)  In short, in neither the title nor the body of his motion does Plaintiff identify the relief he is seeking, in violation of Rule 7(b) and Local Rule 7.1(a).

Plaintiff's motion also fails to identify the grounds for any relief it might be seeking.  Plaintiff states that the motion is "based on memorandum of points and authorities and declarations of facts."  (Doc. 19 at 4.)  However, the Court has reviewed the record in this case and there is no document with a title of or similar to "memorandum of points and authorities and declarations of facts."  The sole basis of Plaintiff's motion thus appears to be a non-existent document.  Clearly, this does not constitute the particularly stated grounds for relief that Rule 7(b) and Local Rule 7.1(a) require, nor does it permit Defendants or the Court to "deal … fairly" with the motion.  *Calderon*, 181 F.3d at 1186.  For all of the above reasons, the Court will deny Plaintiff's motion for demurrer.

## II. Plaintiff's Motion to Extend Time to Serve Defendants and Request for Telephonic Hearing

In his motion to extend time to serve Defendants, Plaintiff states that he has tried to serve Defendants, that he plans to serve them "by certified mail with return receipt requested," and that

---

[1] The motion also references a "memorandum of points and authorities and declarations of fact."  (Doc. 19 at 4.)  However, as discussed below, the record in this case contains no document so titled.

he needs more time in which to do so. (Doc. 23.) Plaintiff is, however, mistaken in his belief that he still needs to serve Defendants with process at this stage of the litigation.

"Federal Rule of Civil Procedure 12 provides that objections to … service of process must be raised in a party's first responsive pleading or by motion before the responsive pleading." *United States v. 51 Pieces of Real Property,* 17 F.3d 1306, 1314 (10th Cir. 1994); Fed. R. Civ. P. 121(h). If a party fails to raise the defense of insufficient service of process in its first defensive move, the party waives that defense. *51 Pieces of Real Property*, 17 F.3d at 1314; Fed. R. Civ. P. 12(b)(5), 12(h)(1); *see also Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173 (10th Cir. 2009) (party waives defense of improper venue, also listed in Rule 12(b)(2)-(5), if it "fails to affirmatively assert such a defense in its initial responsive pleading").

In the present matter, Defendants failed to raise the defense of insufficient service of process in their first responsive pleading, *i.e.*, the answer they filed on May 5, 2014. (Doc. 3.) Moreover, the omission appears to have been deliberate. In their notice of removal, Defendants affirmatively stated that Plaintiff's complaint was "served on April 15, 2014." (Doc. 1 at 2.) It seems likely that Plaintiff already properly served Defendants; and even if he did not, he no longer needs to do so, because Defendants have unequivocally waived the defense of insufficient service of process. *51 Pieces of Real Property*, 17 F.3d at 1314; Fed. R. Civ. P. 12(b)(5), 12h)(1). In these circumstances, Plaintiff has no need for an extension of the time within which to serve Defendants, and no need for a telephonic hearing on the subject. For all of the above reasons, the Court will deny Plaintiff's motion to extend time to serve Defendants and request for telephonic hearing.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Demurr[er] (Doc. 19) and Motion to Extend Time to Serve Defendants and Request for Telephonic Hearing (Doc.23) are DENIED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE