## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER JAMES CASTILLO,

     Plaintiff,

v.                                   No. CV 14-0407 MV/KK

LAS CRUCES POLICE DEPARTMENT,
CODY AUSTIN,

     Defendants.

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's removed civil rights complaint.   Plaintiff is incarcerated and appears pro se.   For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court reviews Plaintiff's complaint, initially, under § 1915A(a), (b).   As pertinent here, the statute provides that,

> The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . .   On review, the court shall identify cognizable claims or dismiss the complaint, or any portion [thereof], if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted.

§ 1915A(a), (b); *and see Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("§ 1915A applies to all prison litigants, without regard to their fee status").   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365

(10th Cir. 1991)).   A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Austin searched and seized Plaintiff without reasonable suspicion or probable cause and physically/sexually abused him.   Plaintiff was then arrested and charged, also allegedly without probable cause, with kidnapping and attempted murder.   He alleges that his state court conviction violated his due process rights.   For relief, the complaint seeks damages from Defendant Austin and reversal of Plaintiff's conviction.

The complaint also names the Las Cruces Police Department as a Defendant, but makes no separate factual allegations against the department.   A municipal police department, of course, cannot be held separately liable in an action under § 1983 and thus is not a proper defendant.   *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986) (mem.); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities.") (citing *Brandon v. Holt,* 469 U.S. 464, 472 and n. 21 (1985)), *aff'd*, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. Feb. 11, 1993).

For purposes of this order, therefore, this pro se Plaintiff's claims against Defendant Las Cruces Police Department are construed as directed at the municipality itself.   *See Brandon v.*

2

*Holt*, 469 U.S. at 472 and n. 21.   "A municipality cannot be held liable for its officers' actions under § 1983 unless those actions were caused by a policy or custom of the municipality. *Novitsky v. City of Aurora*,   491 F.3d 1244, 1259 (10th Cir. 2007) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978)).   Plaintiff makes no allegations of a municipal policy or custom of violating citizens' constitutional rights, and the Court will dismiss his claims against the Police Department and the city.

Plaintiff asserts claims under the Fourth Amendment for unreasonable search and seizure, and for false arrest.   As to the seizure and arrest, he concedes that he was convicted of at least some of the charges against him.   As a result, he does not allege a favorable termination of criminal proceedings against him, and his complaint does not state claims for wrongful seizure and arrest.   *See Garey, Jr. v. Romero*, 361 F. App'x 915, 917 (10th Cir. 2010).   On the other hand, Plaintiff's allegations of physical/sexual abuse during Defendant Austin's search appear to survive initial scrutiny under § 1915A and rule 12(b)(6).   *See, e.g., Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 796 (8th Cir. 1998) ("No degree of sexual assault by a police officer acting under color of law could ever be proper."); *and cf. Rucker v. Hampton*, 49 F. App'x 806, 809 (10th Cir. 2002) ("an excessive force claim under the Fourth Amendment may be made out where there has been no physical contact").   The Court will dismiss Plaintiff's Fourth Amendment claims for search, seizure, and arrest without reasonable suspicion or probable cause; otherwise the claim of physical/sexual abuse during Austin's initial search will remain pending.

Last, the Court will dismiss Plaintiff's claim for reversal of his conviction.   This claim must be prosecuted under the habeas corpus statutes.

3

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress," against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . .  Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983."

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus.")   This claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Las Cruces Police Department, construed as claims against the City of Las Cruces, are DISMISSED; Defendant Las Cruces Police Department is DISMISSED as a party to this action; Plaintiff's claims of search, seizure, and arrest without reasonable suspicion or probable cause are DISMISSED; and the claim underlying Plaintiff's request for reversal of his conviction is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE