IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER JAMES CASTILLO,

    Plaintiff,

vs.                                                         No. CV 14-00407 MV/LF

CODY AUSTIN,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION AND AFFIDAVIT FOR LEAVE TO PROCEED
ON APPEAL PURSUANT TO 28 U.S.C. § 1915 AND FED. R. APP. P. 24**

**THIS MATTER** is before the Court on Plaintiff Christopher James Castillo's Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 filed November 10, 2016 (Doc. 66) ("Motion"). For the reasons set out, below, the Court will **GRANT** Plaintiff Castillo's Motion.[1] Also pending before the Court are two motions for extension of time to file notices of appeal (Docs. 60, 61), which the Court will **DENY** as unnecessary and moot.

I. **Factual and Procedural Background**

On March 13, 2014, Plaintiff Christopher James Castillo commenced this proceeding *pro se* in the Third Judicial District Court, Doña Ana County, New Mexico as an action under the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1, *et seq.* (1978). (Doc. 1-2 at 1). The case was removed to this Court by the Defendants, Las Cruces Police Department and Police

---

[1] The Court notes that Plaintiff has also filed a motion seeking leave to proceed *in forma pauperis* in the Tenth Circuit. *See* Doc. 68. Because Fed. R. App. 24 requires that the District Court decide the motion in the first instance, the Court will rule on Plaintiff's Motion filed in this Court. *See* Fed. R. App. P. 24(a)(1).

Officer Cody Austin, on May 1, 2014, under 28 U.S.C. § 1441. (Doc. 1). The Defendants filed an Answer to Plaintiff's Complaint on May 5, 2014. (Doc. 3).

On June 17, 2015, the Court entered a *sua sponte* Memorandum Opinion and Order dismissing some of Plaintiff's claims. (Doc. 25). The Court construed Plaintiff's allegations under the New Mexico Tort Claims Act as civil rights claims under 42 U.S.C. § 1983. The Court dismissed the Las Cruces Police Department on the grounds that the allegations were for municipal liability against the City of Las Cruces and the complaint failed to state a claim of municipal liability. (Doc. 25 at 2–3). The Court also dismissed Plaintiff's claims of illegal search, seizure, and arrest without reasonable suspicion or probable cause for failure to state a claim on which relief can be granted, but ruled that Plaintiff's physical/sexual abuse claims during Plaintiff's initial search would be permitted to go forward against Defendant Cody Austin. (Doc. 25 at 3). Last, the Court dismissed Plaintiff's claim for reversal of his conviction, without prejudice, because Plaintiff's only avenue for relief from his conviction is under the habeas corpus statutes. (Doc. 25 at 3–4).

Plaintiff filed a Notice of Appeal, appealing the Court's June 17, 2015 Memorandum Opinion and Order, on July 24, 2015. (Doc. 28). On July 27, 2015, the United States Court of Appeals for the Tenth Circuit issued an Order to Show Cause as to why the appeal should not be dismissed (1) because Plaintiff was seeking to appeal a non-final, interlocutory order or, in the alternative (2) because, if the appeal was from a final order, the appeal was untimely in that it was filed more than thirty days after entry of the Memorandum Opinion and Order. (Doc. 31). The Tenth Circuit Court of Appeals concluded that Plaintiff had not submitted a sufficient response to the Order to Show Cause and dismissed Plaintiff's appeal on August 25, 2015 for lack of prosecution. (Doc. 32-1).

Following dismissal of Plaintiff's appeal, the Court ordered Defendant Austin to file a report under *Martinez v. Aaron,* 570 F.2d 317, 318–19 (10th Cir. 1978). (Doc. 36). Defendant filed the *Martinez* Report and a Motion for Summary Judgment based on qualified immunity on December 18, 2015. (Docs. 37–39). Plaintiff filed his Response to the Motion for Summary Judgment and Objections to the *Martinez* Report on February 29, 2016. (Docs. 45, 46). The parties then filed several replies, supplements, and additional motions related to the Motion for Summary Judgment and the *Martinez* Report. (Docs. 47–56). The Magistrate Judge also directed Plaintiff to file a factual statement detailing the alleged physically and sexually abusive conduct of Defendant Austin. (Doc. 55). Plaintiff did not file the factual statement, but did send the Court a letter inquiring as to the status of the case. (Doc. 56).

On September 8, 2016, the Magistrate Judge made Proposed Findings and a Recommended Disposition ("PFRD"). (Doc. 57). The PFRD recommended that the Defendant's Motion for Summary Judgment based on qualified immunity be granted and that the case be dismissed with prejudice. The PFRD concluded that there were no genuine disputes of material fact and the Defendant was entitled to summary judgment as a matter of law, in part, because of Plaintiff's failure to submit the factual statement requested by the Court. (Doc. 57 at 1–2 and n.6). The PFRD also contained the following statement in boldface type:

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

(Doc. 57 at 10). The PFRD was mailed to Plaintiff at his address of record on September 8, 2016 by the Clerk of the Court as required by 28 U.S.C. § 636(b)(1)(C). Plaintiff did not file any

objections to the PFRD, nor did he seek any extension of time to file objections. On September 28, 2016, the Court entered its Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 58) and its Judgment dismissing the Complaint with prejudice. (Doc. 59).

Plaintiff filed his Notice of Appeal on October 13, 2016, appealing the Memorandum Opinion and Order and Judgment entered September 28, 2016. (Doc. 62). Plaintiff's Notice of Appeal raises concerns about sending and receiving mail through the prison mail facilities. The Notice also indicates the appeal is "based on points and authorities and Declaration of Facts" but does not specifically identify any particular issue Plaintiff is raising on appeal. (Doc. 62). Plaintiff submitted his Motion seeking leave to proceed *in forma pauperis* on appeal under 28 U.S.C. § 1915 on November 10, 2016. (Doc. 66). This Motion specifies the issues he intends to raise on appeal as follows: "sexual misconduct and sexual abuse by Police Officer Cody Austin, Appellants Fourth Amendment claims for illegal search and seizure, false arrest, and never waived his right to appellate review." (Doc. 66 at 1).

    II.    **Plaintiff's Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24**

In his Motion, Plaintiff seeks to proceed on appeal without prepayment of fees or costs under the provisions of 28 U.S.C. § 1915 and Fed. R. App. P. 24. Section 1915 of Title 28 provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). Rule 24 of the Federal Rules of Appellate Procedure similarly states:

> [A]ny party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Plaintiff Castillo's Motion complies with the formal requirements of Rule 24 for requesting leave to proceed *in forma pauperis*.

In determining whether to permit a party to proceed *in forma pauperis* on appeal, the Court must decide two questions: (1) whether the appeal is taken in good faith; and (2) whether the appellant has shown a financial inability to pay or give security for fees and costs. *See* 28 U.S.C. § 1915(a)(1) and (3). The burden is on the party seeking *in forma pauperis* status to show that he is raising reasoned and nonfrivolous issues on appeal and that he lacks the financial resources to pay or give security for the fees and costs of appeal. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

**A. Whether the Appeal is Taken in Good Faith**

With respect to the first question, Section 1915(a)(3) states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). For purposes of § 1915(a)(3), a good faith appeal is one that presents a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999) (internal quotations omitted); *see also Coppedge v. United States,* 369 U.S. 438, 442–450 (1962). In determining good faith, the Court should not decide the merits of the issues on appeal but, instead, should only reach the question

of whether the appellant has presented a reasoned and nonfrivolous argument. *See Ragan v. Cox,* 305 F.2d 58, 59–60 (10th Cir. 1962).

The Court liberally construes Plaintiff's Motion as raising three issues on appeal: (1) whether, on his allegations of sexual misconduct and sexual abuse by Police Officer Cody Austin, Defendant Austin is entitled to qualified immunity; (2) whether his Fourth Amendment claims for illegal search and seizure, or false arrest state a claim for relief; and (3) whether Plaintiff "waived his right to appellate review." (Doc. 66). With respect to the qualified immunity issue, Plaintiff contends:

> The police officer Samuel Cody Austin should not be granted qualified immunity for the defendants request for summary judgment because he is responsible for his actions and conduct. He deliberately and purposely grabbed my genitals and groin area, fondling my penis after I told him that I was not giving him permission to search me or my pockets. I assured him I did not have any weapons. He grabbed my penis then laughed he grabbed my buttox also. He had no reason to stop me at all, he called me by my name Christopher and told me I had a warrant. I asked him how did he know I had a warrant without knowing what [sic] was. I never showed him identification! The officer refused to answer me! I also did not fit the description of a woman in a dress, high heels, long hair or wig, carrying a large duffel bag! I was wearing white tenny [sic] shoes, light brown k[h]aki pants, white short sleeve T-shirt and I was not carrying a large duffel bag. The police never found those items and the district attorney didn't have any video evidence of me dressed in the description of a woman!

(Doc. 45 at 2). In the context of alleged Fourth Amendment violations, "[t]he primary concern is whether a reasonable officer would have believed that probable cause existed to arrest the defendant based on the 'information possessed by the [arresting] offic[er].'" *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (quoting *Anderson v. Creighton,* 483 U.S. 635, 643 (1987)).

> When there are unresolved disputes of historical fact relevant to whether the officer had probable cause and to what information he possessed—and thus to whether he may properly claim qualified immunity, a court may not grant summary judgment based on qualified immunity because the officer would not have shown that no genuine dispute exists as to material fact.

*Id.* at 1312–13. Without deciding the merits of the issue, the Court finds that Plaintiff Castillo presents a reasoned, non-frivolous argument that issues of fact preclude summary judgment on the grounds of qualified immunity.

Plaintiff's second issue relates to the dismissal of his Fourth Amendment search, seizure, and arrest claims for failure to state a claim on which relief can be granted. The Court may dismiss a prisoner's civil rights complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

"A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause." *Olsen,* 312 F.3d at 1312 ("Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."). Similarly, the Fourth Amendment prohibits unreasonable searches. "The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." *Grady v. North Carolina*, 135 S. Ct. 1368, 1371 (2015). Plaintiff Castillo's allegations against Officer Austin, as set out above, present a reasoned, nonfrivolous argument in support of a Fourth Amendment claim for relief.

Last, with respect to the third issue of waiver, the Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States,* 950 F.2d 656, 659 (10th Cir. 1991). "[F]ailure to make timely objection to a magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* The waiver rule does not apply when: "(1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or (2) when the 'interests of justice' require review." *Morales–Fernandez v. Immigration & Naturalization Serv.,* 418 F.3d 1116, 1119 (10th Cir. 2005).

The Tenth Circuit has recognized in the context of *pro se* prisoner cases that "[o]ur decisions have not defined the 'interests of justice' exception with much specificity." *Wirsching v. Colorado,* 360 F.3d 1191, 1197 (10th Cir. 2004). "Likely this is because 'interests of justice' is a rather elusive concept." *Morales–Fernandez,* 418 F.3d at 1119. The Court has, however, enumerated several factors to be considered in determining whether to apply the 'interests of justice' exception. "[A] *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised are all relevant considerations in this regard." *Id. See also Wirsching,* 360 F.3d at 1197–98; *Theede v. United States Dep't of Labor,* 172 F.3d 1262, 1268 (10th Cir. 1999).

The Proposed Findings and Recommended Disposition were mailed to Plaintiff at his address of record on September 8, 2016 by the Clerk of the Court as required by 28 U.S.C. § 636(b)(1)(C). Castillo did not file any objections to the Proposed Findings and Recommended Disposition, nor did he seek any extension of time to file objections. On September 28, 2016, the Court entered its Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 58) and it's Judgment dismissing the Complaint with prejudice. (Doc. 59).

Therefore, the firm waiver rule would apply to Plaintiff's appeal unless the "interests of justice" exception excuses Plaintiff's failure to object.

Plaintiff claims there have been issues regarding the timely delivery and mailing of the papers relating to this proceeding by correctional officials. Plaintiff states:

> There is a serious problem with the Prison mail room Clerk. He does not like me and is purposely refusing to mail out my legal mail! I don't know why! This is part of the reason why the case was dismissed. The stipulated statement the Judge requested me to submit I mail to [sic] Court on August 1, 2016. The mail room Clerk refused to mail it. When the Court notified me that they did not receive it I filed an informal complaint with the Southern New Mexico Correctional Facility in Las Cruces NM and also told staff what the mail room Clerk was doing! Please allow me to appeal the dismissal of the case!

(Doc. 62). Therefore, Plaintiff contends, he should not be deemed to have waived the issues on appeal. (Doc. 66 at 1). Again, without deciding the issue, the Court finds that Plaintiff makes a reasoned, nonfrivolous argument for application of the "interests of justice" exception to the firm waiver rule. The Court concludes that Plaintiff presents reasoned and nonfrivolous arguments on the law and facts in support of all three issues he raises on appeal and concludes that the appeal is taken in good faith for purposes of 28 U.S.C. § 1915.

**B. Whether the Appellant Has a Financial Inability to Pay**

The second question the Court must address in deciding whether to grant an application to proceed *in forma pauperis* is the appellant's financial inability to pay or give security for fees or costs on appeal. An appellant's motion must include an affidavit containing a statement "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff Castillo's Motion includes a statement made under penalty of perjury that he is "indigent and ha[s] no money to pay the cost for filing fees or any other court costs." (Doc. 66 at 1–2). Plaintiff's statement meets the requirement of § 1915(a)(1).

In addition to the § 1915(a)(1) statement of indigency, Section 1915 also provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal . . .

28 U.S.C. § 1915(a)(2).

> (1) [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b).

Plaintiff Castillo submitted his 6-month inmate account statement with his Motion as required by § 1915(a)(2). Analyzing the account statement under § 1915(b)(1), there have been no deposits to Plaintiff's account in the 6-month period preceding the filing of his notice of appeal, and at all times, the account balance has been $0.00. (Doc. 66 at 3–10). Plaintiff has demonstrated a financial inability to pay or give security for fees or costs on appeal. Therefore, the Court will grant Plaintiff's Motion.

### III. **Motions for Extension of Time to File the Notice of Appeal (Docs. 60, 61)**

Also pending before the Court are two motions for extension of time to file a notice of appeal. In his first Motion for Extension of Time to File the Notice of Appeal (Doc. 60),

Plaintiff Castillo requests an extension of time to appeal the Court's September 28, 2016 Judgment. Plaintiff's Motion for Extension of Time was filed on October 13, 2016. On that same date, Plaintiff filed a Notice of Appeal, appealing the Court's September 28, 2016 Judgment. (Doc. 62).

Under Rule 4 of the Federal Rules of Appellate Procedure, "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Plaintiff filed his first Notice of Appeal within thirty days after entry of the Judgment and no extension of time is necessary. The Court will deny Plaintiff Castillo's Motion for Extension of Time to File the Notice of Appeal (Doc. 60) as unnecessary and moot.

In his second Motion for Extension of Time (Doc. 61), Castillo appears to seek an extension of time to appeal from the Court's Memorandum Opinion and Order of Partial Dismissal entered June 17, 2015 (Doc. 25). Castillo states "[t]he notice of appeal should have been filed by July 17, 2015." (Doc. 61). Castillo did file an untimely notice of appeal on July 24, 2015, appealing the Court's June 17, 2015 Memorandum Opinion and Order. (Doc. 28). The Circuit Court dismissed that appeal on August 25, 2015 based on Plaintiff's failure to sufficiently respond to the Court's July 27, 2015 Order to Show Cause. (Doc. 32-1).

The Court's June 17, 2015 Memorandum Opinion and Order was an interlocutory, non-appealable order. As such, Plaintiff's appeal was premature. The Court has now entered a final Judgment, allowing Plaintiff to appeal any claims of error arising out of the Court's June 17, 2015 Memorandum Opinion and Order. *Grubb v. Fed. Deposit Ins. Corp.*, 868 F.2d 1151, 1154 n.4 (10th Cir. 1989) (appeal from a final judgment "allows the appellant to challenge all prior nonfinal orders and all rulings that produced the judgment."). Therefore, Plaintiff's timely

Notice of Appeal of the Court's final Judgment encompasses any issues Plaintiff may seek to raise and no extension of time or separate notice of appeal is necessary. The Court will therefore deny Plaintiff's second Motion for Extension of Time (Doc. 61) as unnecessary and moot.

**IT IS ORDERED**:

(1) Plaintiff Christopher James Castillo's Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (Doc. 66) is **GRANTED**; and

(2) Plaintiff's first Motion for Extension of Time to File the Notice of Appeal (Doc. 60) second Motion for Extension of Time (Doc. 61) are **DENIED** as unnecessary and moot.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE